

Office of the Attorney General
Washington, D. C. 20530

April 5, 2012

Judge Jerry E. Smith
Judge Emilio M. Garza
Judge Leslie H. Southwick
c/o Mr. Lyle W. Cayce
Clerk, United States Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130

      RE:  *Physician Hospitals of America v. Sebelius*, No. 11-40631

Dear Judge Smith, Judge Garza, and Judge Southwick:

    This Court's letter of April 3, 2012 requested a response to questions raised at oral argument in this case, *Physician Hospitals of America v. Sebelius*, No. 11-40631. From the electronic recording of the argument, I understand the Court to have requested the views of the Department of Justice regarding judicial review of the constitutionality of Acts of Congress. The Court indicated that its inquiry was prompted by recent statements of the President.

    The longstanding, historical position of the United States regarding judicial review of the constitutionality of federal legislation has not changed and was accurately stated by counsel for the government at oral argument in this case a few days ago. The Department has not in this litigation, nor in any other litigation of which I am aware, ever asked this or any other Court to reconsider or limit long-established precedent concerning judicial review of the constitutionality of federal legislation.

    The government's brief cites jurisdictional bars to the instant suit and urges that plaintiffs' constitutional claims are insubstantial. *See* Appellee Br. of the United States at 17-38. At no point has the government suggested that the Court would lack authority to review plaintiffs' constitutional claims if the Court were to conclude that jurisdiction exists. The case has been fully briefed and argued, and it is ready for disposition. The question posed by the Court regarding judicial review does not concern any argument made in the government's brief or at oral argument in this case, and this letter should not be regarded as a supplemental brief.

    1.  The power of the courts to review the constitutionality of legislation is beyond dispute. *See generally, e.g., Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 130 S. Ct. 3138 (2010); *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307 (1993). The Supreme Court resolved this question in *Marbury v. Madison*, 1 Cranch 137, 177-78 (1803). In that case,

the Court held that "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury*, 1 Cranch at 177.

The Supreme Court has further explained that this power may only be exercised in appropriate cases. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006); *see, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 763–766 (1975) (addressing a statutory bar to jurisdiction). In the case before this Court – *Physician Hospitals of America v. Sebelius*, No. 11-40631 – we have argued that this Court lacks jurisdiction to hear the case. *See* Appellee Br. of the United States at 15-38.

Where a plaintiff properly invokes the jurisdiction of a court and presents a justiciable challenge, there is no dispute that courts properly review the constitutionality of Acts of Congress.

2. In considering such challenges, Acts of Congress are "presumptively constitutional," *Turner Broadcasting System, Inc. v. F.C.C.*, 507 U.S. 1301, 1301 (1993), and the Supreme Court has stressed that the presumption of constitutionality accorded to Acts of Congress is "strong." *United States v. Five Gambling Devices Labeled in Part "Mills," and Bearing Serial Nos. 593-221*, 346 U.S. 441, 449 (1953); *see, e.g.*, *Gonzales v. Raich*, 545 U.S. 1, 28 (2005) (noting that the "congressional judgment" at issue was "entitled to a strong presumption of validity"). The Supreme Court has explained: "This is not a mere polite gesture. It is a deference due to deliberate judgment by constitutional majorities of the two Houses of Congress that an Act is within their delegated power or is necessary and proper to execution of that power." *Five Gambling Devices Labeled in Part "Mills," and Bearing Serial Nos. 593-221*, 346 U.S. at 449. In light of the presumption of constitutionality, it falls to the party seeking to overturn a federal law to show that it is clearly unconstitutional. *See, e.g.*, *Salazar v. Buono*, 130 S. Ct. 1803, 1820 (2010) ("Respect for a coordinate branch of Government forbids striking down an Act of Congress except upon a clear showing of unconstitutionality."); *Beach Communications, Inc.*, 508 U.S. at 314-15.

3. While duly recognizing the courts' authority to engage in judicial review, the Executive Branch has often urged courts to respect the legislative judgments of Congress. *See, e.g.*, *Nature's Dairy. v. Glickman*, 1999 WL 1581396, at *6; *State University of New York v. Anderson*, 1999 WL 680463, at *6; *Rojas v. Fitch*, 1998 WL 457203, at *7; *United Food and Commercial Workers Union Local 751 v. Brown Group*, 1995 WL 938594, at *6.

The Supreme Court has often acknowledged the appropriateness of reliance on the political branches' policy choices and judgments. *See, e.g.*, *Ayotte v. Planned Parenthood of Northern New Eng.*, 546 U.S. 320, 329 (2006) (explaining that, in granting relief, the courts "try not to nullify more of a legislature's work than is necessary" because they recognize that "'[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people'" (alteration in the original) (quoting *Regan v. Time, Inc.*, 468 U.S. 641, 652 (1984) (plurality opinion))); *Turner Broadcasting System, Inc.*, 512 U.S. at 665-66. The "Court accords 'great

weight to the decisions of Congress'" in part because "[t]he Congress is a coequal branch of government whose Members take the same oath [judges] do to uphold the Constitution of the United States." *Rostker v. Goldberg*, 453 U.S. 57, 64 (1981) (quoting *Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94, 102 (1973)). These principles of deference are fully applicable when Congress legislates in the commercial sphere. The courts accord particular deference when evaluating the appropriateness of the means Congress has chosen to exercise its enumerated powers, including the Commerce Clause, to accomplish constitutional ends. *See, e.g., NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 32 (1937); *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 408 (1819). *See also Thomas More Law Center v. Obama*, 651 F.3d 529, 566 (6th Cir. 2011) (Opinion of Sutton, J.); *Seven Sky v. Holder*, 661 F.3d 1, 18-19 (D.C. Cir. 2011) (Opinion of Silberman, J.)

The President's remarks were fully consistent with the principles described herein.

Sincerely,

Eric H. Holder, Jr.
Attorney General

[Filed and served via ECF]