McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Scott C. Oostdyk
Office: 804.775.1000

scootsdy@mcguirewoods.com
Fax: 804.775.1061

McGUIREWOODS

April 5, 2012

Judge Jerry E. Smith
Judge Emilio M. Garza
Judge Leslie H. Southwick
c/o Mr. Lyle W. Cayce
Clerk, United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *Physician Hospitals of America, et al., v. Kathleen Sebelius, Secretary*, No. 11-40631

Dear Judge Smith, Judge Garza, and Judge Southwick:

    During oral argument in this case on April 3rd, the Court directed the Attorney General to respond to recent comments by the President that it would be "unprecedented" and "extraordinary" for the federal judiciary to review the constitutionality of a congressional enactment known as the Patient Protection and Affordable Care Act ("ACA"). This issue is of central relevance to this present appeal. In this case, appellants Physician Hospitals of America and Texas Spine & Joint Hospital, Ltd. ("PHA") are asking this Court for judicial review of the precise law the President said it would be untoward for courts to review and reject.

    PHA has examined the letter submitted earlier today by Attorney General Eric Holder, Jr. in response to the Court's directive. The letter contradicts the President's comments and affirms the judiciary's role in striking down or enjoining unconstitutional statutory provisions. Of course this is the proper position for the Attorney General to assume. As former U.S. Supreme Court Chief Justice John Marshall observed in 1803, without genuine judicial review our system of government would "giv[e] to the legislature a practical and real omnipotence." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178 (1803).

    The Attorney General also contends, however, that the Court's question regarding judicial review "does not concern any argument made in the government's brief, or at oral argument," and therefore claims his letter does not represent supplemental briefing in this case. PHA respectfully disagrees. The Attorney General went beyond just commenting on judicial review, or the President's view of the ACA, and asserted that PHA's "constitutional claims are insubstantial," citing to pages 17-38 of the United States' appellate brief in this case. The Attorney General further opined that "it falls to the party seeking to overturn a federal law to show that it is clearly unconstitutional," and that the courts "accord particular deference when

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

No. 11-40631, Physician Hospitals of America, et al., v. Kathleen Sebelius, Secretary
April 5, 2012
Page 2

evaluating the appropriateness of the means Congress has chosen to exercise its enumerated powers," such as regulation of the economy.

In point of fact, PHA's entire appeal focuses on whether the federal district court below exercised appropriate judicial review of PHA's challenge to a provision of the ACA, a piece of legislation that drastically impacts physician-owned hospitals. PHA is concerned that the lower court chose too deferential a role in reviewing Section 6001, potentially out of the same confusion over the line between deference and scrutiny that appears to have gripped others—up the level of President. Because the Attorney General has furthered the government's legal position with his letter, principles of fairness support this response by PHA.

The Attorney General wrongly states that PHA's constitutional claims are insubstantial. At the time of the passage of Section 6001 on March 23, 2010, Congress knew that physician-owned hospitals had invested $4 to $5 billion dollars in physical expansion projects in over 100 hospital sites. (R.1020-21.) The lower court determined that Section 6001 stopped such development, terminating past transactions that were in place to effect development plans, to hire workers and to build those shovel-ready improvements. According to Supreme Court precedent, when a statute has some "retrospective effect" the lower court should have examined the case record looking for a rational basis for both the retroactive aspects of such a statute, and also its prospective aspects. *Pension Benefit Guaranty Corp. v. R. A. Gray & Co.*, 467 U.S. 717, 729-30 (1984)("The retroactive aspects of legislation, as well as the prospective aspects, must meet the test of due process, and the justifications for the latter may not suffice for the former."). The lower court did neither because it wrongly determined Section 6001 to be wholly *prospective* in effect. This Court should remand the matter to the district court for findings on whether the negative retroactive effects of Section 6001 are justifiable, and whether the enactment of that section violated PHA's right to due process.

PHA has also asked this Court to review Section 6001 to determine if it offends the due process prohibition against "pretextual" legislation. The Supreme Court has held that the Constitution permits legislation that accomplishes public, but not private purposes. *See Kelo v. City of New London*, 545 U.S. 469, 477 (2005)("A purely private taking could not withstand the scrutiny of the public use requirement; it would serve no legitimate purpose of government and would thus be void.")(internal quotations and citation omitted)). PHA pointed to record evidence, unchallenged by the government, that Section 6001 was the result of a base political bargain that did not serve the electorate, but instead served the private interests of large hospital groups that would have otherwise attacked the ACA. (R.2045.) Congress enacted Section 6001 to stamp out competition from doctor-owned hospitals in exchange for other hospitals' acceptance of lower Medicare reimbursement rates. The court below believed that it could not exercise judicial review on these grounds, even though this Court has acknowledged that aspect of judicial review. *See Vondy v. White*, 719 F.2d 1265, 1266 (5th Cir. 1983)("Unless Vondy can show that the rationale offered by the commissioners is pretextual, the substantive due process claim fails.") The lower court wrongly declared this mandate from *Vondy* non-binding, and disregarded it. This Court should correct that error because the Supreme Court mandates judicial

No. 11-40631, Physician Hospitals of America, et al., v. Kathleen Sebelius, Secretary
April 5, 2012
Page 3

review where there are assertions of pretextual action. *E. Enters. V. Apfel*, 524 U.S. 498, 527 (1998).

Additionally, PHA has asked this Court to review the district court's refusal to review Section 6001 for arbitrariness, which also violates due process. The government argues that Section 6001 was not arbitrary because it was targeted to combat the perceived problem of physician self-referral. "Physician self-referral" is a term of art that describes a physician-hospital owner's recommendation to a patient to choose the hospital in which the physician has an ownership interest for medically necessary treatment. Any incentive for self-dealing, however, is tempered by a physician's diluted ownership interest in a "whole hospital," as opposed to a hospital department or subdivision. Small-share whole-hospital ownership safeguards against the possibility that a physician would refer a patient to a hospital in which he had an ownership interest purely for personal gain, at the government's expense.

There are no similar safeguards, however, to prevent physicians employed by non-physician-owned hospitals from referring all their patients to the hospital that employs them. Indeed, PHA submitted record evidence that many non-physician-owned hospitals *require* providers to refer patients to the facility that employs them. (Plfs.' Resp. to Mot. for Summ. J. at 13.) Moreover, while the Medicare statute prohibits non-physician-owned hospitals from linking a physician's pay to the number of patients the doctor treats at the hospital he works for, there are no prohibitions on the hospital's award of other benefits and non-monetary compensation to doctors. PHA presented evidence showing a material factual dispute over whether Congress could have reasonably believed that stopping the growth of physician-owned hospitals was rationally related to its legitimate interest in Medicare and Medicaid spending. Considering that both physician-owned and non-physician owned hospitals provide incentives for doctors to increase their benefits or compensation by their hospital referrals, it was arbitrary for Congress to restrict only the growth of physician-owned hospitals. *See Craigmiles v. Giles*, 312 F.3d 220, 229 (6th Cir. 2002). The lower court should have engaged in judicial review over the arbitrariness of Section 6001.

For the reasons stated above, the Attorney General was correct to acknowledge the judiciary's power to strike unconstitutional statutes, but wrong to conclude PHA's claims are insubstantial and do not merit judicial review. The lower court failed to exercise its full power of judicial review as to Section 6001, and PHA urges remand for this imperative process to proceed.

Sincerely yours,

Scott C. Oostdyk